UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICIA D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:25-cv-00886-MJD-JMS |
| | ) |
| FRANK BISIGNANO, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the Parties' Amended Joint Motion for an Award of Attorney Fees under the EAJA. [Dkt. 23.] For the reasons set forth below, the motion is **GRANTED**. In light of this ruling, the parties' original fee motion, [Dkt. 21], is **DENIED AS MOOT**.

**I. Background**

On May 7, 2025, Plaintiff filed her Complaint seeking judicial review of the ALJ's unfavorable finding denying Plaintiff's application for disability benefits. [Dkt. 1.] Following a joint motion to remand, the Court ruled in favor of Plaintiff and entered judgment on September 30, 2025, reversing the decision of the Commissioner and remanding for further proceedings. [Dkt. 20.] The Parties timely filed the instant joint motion with supporting documentation on December 12, 2025, requesting an EAJA attorney fee award in the amount of $6,659.53. [Dkt. 23.]

**II. Discussion**

Pursuant to the Equal Access to Justice Act ("EAJA"), a "court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil

action . . . brought by or against the United States." 28 U.S.C. § 2412(d)(1)(A). In order to succeed on a Petition for EAJA fees, the movant must, within thirty days of final judgment in the action, file an application (1) showing that she is a "prevailing party," (2) providing the Court with an itemized statement that represents the computation of the fees requested, and (3) alleging that the position taken by the United States was "not substantially justified." 28 U.S.C. § 2412(d)(1)(B). Additionally, the Court may, in its discretion, reduce or deny the award of fees and expenses if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" during the course of the proceedings. 28 U.S.C. § 2412(d)(1)(C).

There is no question that Plaintiff is a prevailing party in this case. *See Shalala v. Schaefer*, 509 U.S. 292 (1993) (holding that Plaintiff whose complaint is remanded to an administrative law judge for further consideration qualifies as a "prevailing party" under Section 2412(d)(1)(B) of the EAJA). The Commissioner bears the burden of proving that his prelitigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *See Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The Commissioner has not done so here; indeed, the Commissioner has joined the motion asking the Court to award attorney fees to the Plaintiff. [Dkt. 23.] The Court also is not aware of any "conduct which unduly and unreasonably protracted the final resolution of the matter in controversy" by Plaintiff or her counsel. Therefore, the Court will not reduce or deny an award of fees or expenses on such grounds.

Finally, the Court must determine whether the amount of the fee award sought by Plaintiff is reasonable pursuant to the terms of the EAJA. As a threshold requirement, 28 U.S.C. § 2412(d)(1)(B) of the EAJA requires Plaintiff to submit "an itemized statement from any

attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." The parties have done so. *See* [Dkt. 23-1]. Plaintiff's counsel spent 26.8 hours on this case, which the Court finds to be reasonable.

      A reasonable EAJA fee is calculated under the lodestar method by multiplying a reasonable number of hours expended by a reasonable hourly rate. *Astrue v. Ratliff*, 560 U.S. 586, 602 (2010). Although the hourly rate is statutorily capped at $125.00 per hour, the language of the statute permits the Court to allow for "an increase in the cost of living" to arrive at a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). In order to prove that such an increase is justified, the Seventh Circuit has held that "an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience." *Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015). Reliance solely on a readily available measure of inflation is not sufficient, as an inflation-adjusted rate might result in a rate higher than the prevailing market rate in the community for comparable legal services, creating a windfall, which is to be avoided. *Id.* at 428-29.

      The parties set out the appropriate calculation of the applicable hourly rates permitted by the EAJA, taking into account the increase in the cost of living, as set forth in the Consumer Price Index for All Urban Consumers in the Midwest Region, since the statutory hourly rate was set at $125 per hour in March 1996. *See* [Dkt. 23-3]. That calculation arrives at a maximum statutory hourly rate of greater than the $248.49 rate agreed upon by counsel. The Court finds that this rate does not exceed the prevailing market rate in the community by lawyers of

comparable skill and experience and is consistent with the rate approved in other similar cases in this district.

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** the Parties' Amended Joint Motion for an Award of Attorney Fees under the EAJA, [Dkt. 23], and awards fees in the amount of $6,659.53.  An award under the EAJA belongs to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that Plaintiff owes the United States.  *Astrue v. Ratliff*, 560 U.S. 586 (2010).  However, if Defendant verifies that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel, [Dkt. 23-2].  If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: 2300 NW Corporate Boulevard, Suite 244, Boca Raton, FL 33431.

SO ORDERED.

Dated: 29 DEC 2025

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.